IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-311-RAH-JTA |
| ) | (WO) |
| THOMAS, in his official capacity as ) | |
| Building Manager of RSA Union, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, this action was referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.) For the reasons stated below, the undersigned recommends the complaint be dismissed with prejudice for failure to comply with court orders. Further, the undersigned recommends Plaintiff Peter J. Smith be declared a vexatious litigant and that, after appropriate review, the court summarily dismiss without prejudice any new action in which Smith's complaint is unaccompanied by a filing fee or motion to proceed *in forma pauperis*.

**I.   JURISDICTION**

The court exercises subject matter jurisdiction based on federal question[1] and supplemental jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

---

[1] The court liberally construes Smith's allegation of "race discrimination" as a claim alleging racially discriminatory denial of access to a place of public accommodation in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a.

## II.    DISCUSSION

Smith is "one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history."[2] *Smith v. City of Montgomery*, No. 2:22-cv-168-MHT-JTA, 2023 WL 7290457, at *1 (M.D. Ala. Oct. 16, 2023) (citation and internal quotation marks omitted), *report and recommendation adopted sub nom. Smith v. City of Montgomery, Ala.*, No. 2:22-cv-168-MHT, 2023 WL 7287877 (M.D. Ala. Nov. 3, 2023). As of the date of this Recommendation, Smith has filed seventy-six cases in this District. In many of them, he has persisted in a "years-long, repeated pattern in multiple cases before multiple judges" of failing to file a motion for leave to proceed *in forma pauperis* or pay the filing fee. *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *5 (M.D. Ala. Dec. 8, 2023), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024). Further, Smith frequently fails to comply with court orders to remedy the deficiency, causing a now-familiar cycle of newly-filed actions followed by orders warning Smith to correct the lack of a filing fee or motion to proceed *in forma pauperis*, orders to show cause why the case should not be dismissed for failure to comply with the orders to correct the deficiency, recommendations of dismissal, and, finally, judgments dismissing the actions for failure to prosecute, comply with court orders, and pay the filing fee or file

---

[2] "Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. Some were dismissed for other reasons, such as lack of jurisdiction." *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *3 n.12) (M.D. Ala. Dec. 8, 2023), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024).

a motion for leave to proceed *in forma pauperis*.[3] Multiplied by the number of cases in which this pattern occurs, Smith's conduct wastefully diverts significant judicial resources and substantially burdens the court's docket.[4] The cycle must stop.

Yet, once again, on April 28, 2025, Smith filed a complaint without a motion for leave to proceed *in forma pauperis* or the filing fee. (Doc. No. 1.) This time, the court did not direct Smith to correct the deficiency because, "[a]t this point, one more order reminding Smith to pay the filing fee or file his *in forma pauperis* motion is one more order too many."[5] *Smith v. Ivey*, No. 2:24-cv-164-MHT-JTA, 2025 WL 1490482, at *3 n.9 (M.D. Ala. May 1, 2025), *report and recommendation adopted,* No. 2:24-cv-164-MHT, 2025 WL

---

[3] This cycle has been described in more detail in previous orders and recommendations. *See*, *e.g.*, *Smith v. Ivey*, No. 2:24-cv-164-MHT-JTA, 2025 WL 1490482, at *1 (M.D. Ala. May 1, 2025), *report and recommendation adopted*, No. 2:24-cv-164-MHT, 2025 WL 1490053 (M.D. Ala. May 23, 2025); *Smith v. Family Dollar*, No. 25-cv-147-RAH-KFP (Doc. No. 6 at 1-2), *recommendation adopted*, No. 25-cv-147-RAH-KFP (Docs. No. 7–8); *Smith v. Circle K Inc.*, No. 2:23-cv-576-MHT-JTA, 2023 WL 9442574, at *3 (M.D. Ala. Dec. 8, 2023) ("Smith is thoroughly familiar with the proper procedures for filing motions for leave to proceed *in forma pauperis*, as is evident from the many cases in which he has filed adequately-supported motions for leave to proceed *in forma pauperis*, as well as from the many cases in which he has been instructed to correct inadequately-supported IFP motions."), *report and recommendation adopted sub nom. Smith v. Circle K., Inc.*, No. 2:23-cv-576-MHT, 2024 WL 329143 (M.D. Ala. Jan. 29, 2024).

[4] Even in cases where, upon significant prodding from the court, Smith eventually files a motion for leave to proceed *in forma pauperis*, his behavior still causes unnecessary delay and taxes the court's resources.

[5] The undersigned is not the only judge in this court to have reached this conclusion. *See Smith v. Family Dollar*, No. 25-cv-147-RAH-KFP (Doc. No. 6 at 1-2) (recommending dismissal for failure to pay the filing fee without further opportunity to remedy the problem, noting: "Smith was aware that he cannot proceed in federal court without either paying a filing fee or filing a motion for leave to proceed *in forma pauperis* when he filed this case, so the Court does not believe that a show cause order is necessary to remind Smith of this fact."), *recommendation adopted*, No. 25-cv-147-RAH-KFP (Docs. No. 7–8). Smith is well aware that his conduct warrants sanctions, including dismissal. *See*, *e.g.*, *Smith v. Adrian*, 2023 WL 11818133, at *2 (M.D. Ala. Apr. 12, 2023). And, even without a show-cause or other corrective order, Smith is not without recourse. If he wishes to show cause why this action should not be dismissed, he may object to this Recommendation.

1490053 (M.D. Ala. May 23, 2025). Smith is by now well aware of the need to pay the filing fee or file a motion to proceed *in forma pauperis*, and the court allowed him sufficient time to remedy the issue on his own if he were so inclined. He did not.

The undersigned finds a clear record of delay and willfully contumacious conduct. In light of the repeated futility of all sanctions[6] short of and including dismissal,[7] the undersigned concludes no sanctions short of dismissing this action with prejudice will adequately communicate to Smith the seriousness of the problem and the need to stop the contumacious conduct.

Finally, because past sanctions have not persuaded Smith to change his ways, it is time to declare Smith a vexatious litigant and impose proactive measures narrowly tailored to protect judicial resources from his vexatious habits. Therefore, the undersigned recommends that, whenever Smith files a complaint in any new action without paying the filing fee or moving for leave to proceed *in forma pauperis*, the court, after appropriate review, summarily dismiss the action without prejudice. These consequences will not impose too onerous a burden.[8] They will not shut the courthouse door to Smith. Nor would

---

[6] To the undersigned's knowledge, monetary sanctions have not been attempted. They would likely be impractical. According to Smith, he is often homeless and has limited income.

[7] *See, e.g.*, *Smith v. Adrian*, 2023 WL 11818133, at *2 (M.D. Ala. Apr. 12, 2023) ("This Order is Smith's warning that his continued failure to properly file his motion to proceed *in forma pauperis* after numerous orders to correct the deficiency has crossed into the territory of contumacious conduct warranting sanctions. The court finds Smith's repeated failures to properly file his motion to proceed *in forma pauperis* are willful in light of his personal knowledge of how to file such a motion and the many corrective orders he has received." (footnote referencing a similar order in a different case omitted)).

[8] "Smith reports he is often homeless and has limited income. For a litigant in such financial difficulty, mere dismissal without prejudice is likely less severe than a monetary sanction." *Smith v. Ivey*, 2025 WL 1490482, at *3.

they deprive him of the opportunity to correct his errors by refiling a dismissed complaint along with the filing fee or a motion for leave to proceed *in forma pauperis*.[9] At the same time, the proposed consequences will effectively protect the court from the repetitive, resource-draining process of ineffectual warnings, show cause orders, and explanatory recommendations of dismissal. *See Miller v. Donald*, 541 F.3d 1091, 1096–97 (11th Cir. 2008) (recognizing the necessity of narrowly tailoring methods to prevent vexatious *in forma pauperis* litigation while "minimizing the exclusion of valid claims" and avoiding "shutting the courthouse door" by placing an absolute bar on a litigant's future filings).

### III.    CONCLUSION

Accordingly, the undersigned RECOMMENDS the following:

1. Smith's complaint (Doc. No. 1) and this action be DISMISSED without prejudice for failure to comply with court orders.

2. Smith be DECLARED a vexatious litigant.

3. As a consequence of Smith's vexatious conduct, after appropriate review, the court summarily dismiss without prejudice any new action in which Smith's complaint is unaccompanied by a filing fee or motion to proceed *in forma pauperis*.

---

[9] "It is not inconceivable that the running of a statute of limitations at an inopportune time could functionally deprive [Smith] of the ability to seek relief in the event of dismissal without prejudice." *Kelly v. Water Works &, Sanitary Sewer Bd. of City of Montgomery*, No. 2:24-cv-348-RAH-JTA, 2025 WL 1271298, at *6 (M.D. Ala. May 1, 2025) (citing *Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 969 (11th Cir. 2017)), *report and recommendation adopted*, No. 2:24-cv-348-RAH, 2025 WL 1461271 (M.D. Ala. May 21, 2025). That is a risk Smith will take if he files an action without paying a filing fee or seeking leave to proceed *in forma pauperis*.

Further, it is ORDERED that Plaintiff shall file any objections to this Recommendation on or before **July 8, 2025**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 23rd day of June, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE